**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ROBERT DALE CHILDS, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:09-cv-981-WTL-DML |
| | ) |
| JEFFREY WRIGLEY, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry and Order Directing Dismissal of Action**

The court, having considered the complaint of Robert Childs, a state prisoner, and having applied the applicable standards to the matter, finds that the action must be dismissed. This conclusion is based on the following facts and circumstances:

1. As noted, Childs is a prisoner. Accordingly, his complaint is subject to the screening required by 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. *Id.* Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

2. A complaint is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F .2d 1101, 1106 (7th Cir. 1984)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

3. Childs' complaint is brought pursuant to 42 U.S.C. § 1983. . To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Kramer v. Village of North Fond du Lac,* 384 F.3d 856, 861 (7th Cir. 2004). Thus, no action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981).

4. Applying the foregoing standards, the court finds that the element of state action is adequately alleged, but that the complaint nonetheless fails to state a claim upon which relief can be granted as to each of Childs' three claims.

a. First, Childs alleges that on July 27, 2006, at 11:05 a.m., inmate Robert Mullins breached security, broke into a mop closet, broke a broom into two sections, proceeded to enter Childs' housing unit, and attacked Childs. Childs was injured and received medical attention. Childs believes he was attacked because he is homosexual. An Eighth Amendment claim for failure to protect an inmate from violence has two elements: first, that an inmate was incarcerated under conditions posing a "substantial risk of serious harm," and second that a prison official displayed "deliberate indifference" to that risk. *Farmer v. Brennan,* 511 U.S. 825, 834 (1991). A prison official displays deliberate indifference to an inmate's safety when the official "knows of and disregards an excessive risk" to the inmate's safety. *Id.* at 837. There is no plausible basis in the complaint supporting either of these elements. Childs does not allege that any defendant knew Mullins intended to breach security, create a weapon or enter Childs' housing unit with the intent to attack Childs, nor is there any allegation that any defendant saw the attack but failed to intervene.

b. Second, Childs alleges that while he was housed in the New Facility Annex, Case Manager Randall "caused slander, intimidation, towards me make threats to my person" because Childs is homosexual. The first inquiry in every § 1983 case is whether there has been the deprivation of a right secured by the Constitution or laws of the United States, for without a predicate constitutional violation one cannot make out a prima facie case under § 1983. *Juriss v. McGowan,* 957 F.2d 345, 349 n.1 (7th Cir. 1992). The claim against Case Manager Randall falters at this point, because, although indefensible and unprofessional, verbal threats or abuse by an officer are not sufficient to state a constitutional violation cognizable under § 1983. See *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) (although unprofessional and inexcusable, racially derogatory remarks did not support a constitutional claim); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats and name calling directed at inmate not actionable under § 1983).

c. Third, Childs alleges that in April 2007 he was placed in D1 housing unit, along with Robert Mullins, the inmate who previously attacked him. Childs does not allege that he was assaulted when he was placed in the same housing unit as Robert Mullins. "[I]t is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment." *Doe v. Welborn,* 110 F.3d 520, 524 (7th Cir. 1997). An allegation that prison officials exposed a prisoner to a "risk of violence at the hands of other inmates," *id.* at 273, does not implicate the Eighth Amendment's Cruel and Unusual Punishments Clause. Childs cannot allege a failure to protect claim based on circumstances which have not resulted in injury.

     5.     For the reasons explained above, the complaint fails to survive the screening required by § 1915A because it fails to contain a legally viable claim. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue.

     **IT IS SO ORDERED.**

Date: 12/07/2009

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana